UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

ANTHONY HANKS
    a/k/a "T.J. Hanks"

Crim. No. 2:13-CR-705 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

The Court is in receipt of and has considered the Government's application pursuant to Federal Rule of Criminal Procedure 35(a) to seek a correction of the sentence imposed against Defendant Anthony Hanks on September 20, 2016. For the below reasons, this motion is **DENIED**.

As the Government admits, a Court's "authority to correct a sentence under Rule 35(a) was intended to be very narrow and extends only to those cases where an obvious error has occurred in the sentence." *United States v. Washington,* 549 F.3d 905, 915 (3d Cir. 2008) (internal citations omitted). Such was not the case here.

The Court was mindful and considerate of Defendant's job situation, but it did not premise its sentence on the belief that a particular sentence would preserve his job. Indeed, in response to the Court's question as to whether Defendant would "probably retain" his job if he had a custodial term that was a year or less, Ms. Cimino stated:

> [Defendant] consulted with his departmental union lawyer, Judge. I don't know that it will be a walk in the park, even after a year or less, to get back in. But, the representation, or at least the information that he's received thus far from his union lawyer is that a year or less, they could probably make a fight for him to get the job back. But, there's no guarantees.

Sent. Tr. at 10. And, in fact, the statement that the Government obtained from Defendant's employer after sentencing is consistent with Ms. Cimino's representation to this Court: Defendant's employer does not foreclose the possibility of Defendant being re-hired by the Sanitation Department, but simply states that it would be "extremely unlikely." Rule 35 Mot. at 3-4.

1

In any event, the Court was not "heavily influenced" by Defendant's ability to maintain employment, as the Government contends. Rather, the Court took into account several considerations, including Defendant's stable family life, the fact that he had no prior criminal history, the fact that he had worked since 2004, his relatively low level of involvement in the crime, and the other § 3553(a) factors. Sent. Tr. 23-27.

Because the Court's sentence was not premised on "clearly erroneous facts," *see United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010), the Government's motion pursuant to Federal Rule of Criminal Procedure 35(a) is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 30, 2016**